IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

DESTILERIA NACIONAL, INC.

   Debtor

CASE NO. 20-01247 (ESL)

CHAPTER 11

OPINION AND ORDER

  This case is before the court upon the motion filed by Banco Popular de Puerto Rico ("BPPR") informing the receipt by Destilería Nacional, Inc. ("Debtor") of Payment Protection Program Loan ("PPP") funds and request that the same be allowed as an administrative expense priority claim (dkt. #61). BPPR alleges that it "inadvertently approved the PPP Loan" requested on April 23, 2020, without court approval and after petition date. On May 5, 2020 BPPR disbursed the amount of $88,500.00. BPPR further alleges that the Debtor is ineligible for the PPP Loan or for forgiveness of the PPP Loan. The Debtor filed a qualified objection to BPPR's motion arguing that the Debtor was eligible to receive PPP funds pursuant to the Coronavirus Aid, relief, and Economic Security Act ("CARES Act") at the time the request was made; a request for contract rescission and recovery of money requires the filing of an adversary proceeding; PPP funds are a grant and not a loan; and the Debtor made no misrepresentations in the application for the PPP funds (dkt. #65). The Debtor does not have an objection that any "unforgiven amount of the Debtor's PPP Loan be considered an administrative expense under the same terms and condition of the CARES Act, as amended." BPPR replied to Debtor's objection clarifying that it "is not seeking to modify the PPP Loan, but merely requesting the allowance of administrative expenses for the estate's benefit in connection therewith . . . " (dkt. #70). The Debtor sur-replied alleging that BPPR's action goes against the Administrative Procedures Act and state law on contract construction, and also against the CARES Act (dkt. #77).

Background

The contested matter described above was scheduled for a pretrial to be held on October 6, 2020. The parties filed a joint pretrial report on October 1, 2020 (dkt. #86) detailing the undisputed and disputed facts, as well as the legal position of each party.

The pretrial minutes (dkt. #91 ) show the following notes and order:

The parties argued their positions in accordance with their respective pleadings filed with court. BPPR alleges that the Debtor was always excluded from receiving the PPP loan. Debtor contests BPPR position alleging that an application form is not a rule and that the applicable regulations at the time of requesting the loan did not bar debtors in bankruptcy from applying for the PPP loan. The Debtor further alleges that the funds were actually used for the purposes intended in the Cares Act.

The court stated that the allegations by the parties go beyond a request for allowing proceeds from a loan as an administrative expense, and some may require the filing of an adversary proceeding. However, the court is reluctant to at this juncture to so require in order to avoid duplicity and unnecessary expenses to the parties.

The United States Trustee stated its position that the Debtor must obtain approval from the court under section 364 of the Bankruptcy Code to obtain a loan by filing a motion. This was not done in this case. The court stated that such a position is relevant and may require the court to determine whether the PPP funds under the Cares Act are a loan or a grant. A legal issue which is subject to different opinions.

The court clarified that the present loan has special characteristics as it was made pursuant to the Payment Protection Program (PPP) of the CARES Act. Therefore, the court inquired about the following matters:

1. Has the Debtor requested loan forgiveness, pursuant to the CARES Act? The Debtor's attorney explained that loan forgiveness was requested through BPPR but that the request has not been granted or denied.

2. Is BPPR the party in interest authorized to determine ineligibility after the loan has been approved and disbursed?

3. Has SBA made a claim against BPPR for this specific loan?

4. Is there a difference between the form, the law, and the applicable rules between the moment the application was submitted (April 23, 2020) to the moment the loan agreement was signed?

5. Is the default alleged by BPPR exclusively related to the bankruptcy, irrespective if it is in "bankruptcy" at the moment of the filing of the application or at the moment the loan agreement was executed? The court clarified that, if the bankruptcy is the only criteria to determine the default, then it will need to address the anti-discrimination provisions in Section 525 of the Bankruptcy Code.

6. The court asked BPPR if the issue of "ineligibility" is not contradictory to the request of administrative expenses?

In response to the court's inquiry, the parties agreed that a scenario of loan forgiveness would change the current scenario.

Additionally, and upon the inquiry of the court, the Debtor's attorney agreed that the Debtor's estate had benefited from the loan. However, the loan was under the Payment Protection Program of the CARES Act.

Although the parties posed preliminary answers to some of the questions, the parties were allowed 21 days to simultaneously brief the issues in supplemental briefs, and 21 days to reply thereafter. The court asked the parties as to any contested factual issues pending. Attorney Capdevila clarified that he understands that the motive for granting the loan is contested. The Debtor's attorney argues that the loan was approved because the Debtor was eligible at the time of the application. BPPR alleges that the loan was approved by mistake and because of Debtor's misrepresentations.

ORDER

The Debtor and BPPR shall file simultaneous supplemental briefs within twenty-one (21) days. The Debtor, BPPR and the United States Trustee (at its discretion) may file replies within twenty-one (21) days thereafter. After submitting the briefs, the matter will be deemed submitted to the court.

BPPR filed its supplemental memorandum of law on November 20, 2020 (dkt. #112) and so did the Debtor (dkt. #113). The Debtor filed a memorandum of law in response to the United States Trustee's position (dkt. #118) and the United States Trustee replied on December 23, 2020 (dkt. #125).

Facts

In the joint pretrial report, the parties agreed that the following facts were uncontested:

1. On March 6, 2020 (the "Petition Date") the Debtor filed a voluntary petition for relief pursuant to the provisions of Chapter 11 of the Code.

-3-

2. On March 13, 2020, the President of the United States declared a national emergency because of the novel COVID-19 virus.

3. In response to such emergency, an economic stimulus was introduced and approved, the CARES Act, to provide emergency assistance and health care response for individuals, families, and businesses affected by the 2020 coronavirus pandemic. In such Act, Congress created a payroll protection program to provide payroll protection and tasked the Small Business Administration ("SBA") to provide certain regulations on the administration of the PPP Loan funds.

4. After the Petition Date, on April 23, 2020, the Debtor filled an application (the "PPP Loan Application") requesting a loan under the Payroll Protection Program of the SBA, which loan was granted under loan number 101-0900-3079902-9001 (the "PPP Loan").

a. The PPP Loan Application, inquires whether the applicant is involved in any bankruptcy, expressly stating that, if such question was answered in the affirmative, the loan would not be approved.

b. Upon this inquiry, the Debtor expressly disclosed its bankruptcy status.

c. In the PPP Loan Application, the Debtor certified that "[t]he applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business administration (SBA) implementing the Payment Protection Program […]"

d. In the PPP Loan Application, the Debtor further certified that it was eligible pursuant to 13 C.F.R. 121.201.

5. Thereafter, BPPR approved the PPP Loan, and on May 5, 2020 executed a Payroll Protection Program Loan Note (the "PPP Note") and Loan Agreement (the "PPP Loan Agreement" and together with the PPP Note and the PPP Loan Application, the "PPP Loan Documents") with the Debtor, disbursing the amount of $88,500.00 (the "PPP Funds") in connection therewith.

a. The PPP Loan Agreement contains the following clauses and representations: a. "Borrower represents and warrants to Lender that it meets all qualifications for participation in the PPP set forth in the Act and further meets any and all other requirements or conditions for participation set forth by the SBA."

b. "Borrower further represents and certifies to Lender as follows: […] Borrower meets the requirements as an eligible borrower under the PPP, and there are no events or other circumstances of the Borrower that would render it ineligible for a PPP Loan."

c. "Borrower understands, acknowledges and agrees that Lender is relying solely on Borrower's representations, warranties, certifications, confirmations or other statements of, and information from, the Borrower and/or any of its affiliates, officers, directors, owners, principals, agents, and/or controlling persons as to the Borrower, its business or activities, its eligibility for the proposed Loan…"

6. The Debtor deposited the PPP Funds in a separate bank account (the "PPP Account") and commenced making disbursements from the loan proceeds to cover payroll, rent or utility expenses.

7. Debtor's Monthly Operating Report for the period of May 2020 reveals the deposit in the account ending in 9001 for the amount of $88,500.00.

8. On July 24, 2020, BPPR filed a Motion to Inform Debtor's receipt of Payment Protection Program Loan and Request for Allowance of Administrative Expense Priority Claim (the "Motion"). On August 7, 2020, the Debtor filed an objection (the "Objection") to the Motion.

9. On August 14, 2020, BPPR filed its Reply (the "Reply") to the Objection, and on August 28, 2020 the Debtor filed its Sur-Reply to the Reply (the "Sur-Reply" and together with the Reply, the Objection and the Motion, the "Administrative Expense Contested Pleadings").

10. On August 14, 2020, the Court entered an Order scheduling a Pre-Trial Conference in connection with the Administrative Expense Contested Pleadings.

In addition to the above, the court finds that the following facts are uncontested:

1. The Debtor did not seek court approval to solicit the PPP Loan.

2.  The Debtor requested BPPR for loan forgiveness on September 9, 2020.

3.  BPPR alleges that it is the entity authorized to determine ineligibility of a borrower for a PPP loan and has determined that the Debtor is ineligible as it made the request while being in bankruptcy, it will not process the forgiveness under the PPP Loan of the Debtor.

Applicable Statutory Provisions Related to the  PPP Program

Congress enacted, and the President signed into law on March 27, 2020, the CARES Act in response to the COVID-19 pandemic. Section 1102, of the CARES Act created the PPP by amending "Section 7(a) of the Small Business Act (15 U.S.C. § 636(a))" to add new subparagraph (36). See, CARES Act § 1102; 15 U.S.C. § 636(a)(36). The PPP provides that an eligible small business may obtain a guaranteed loan to cover certain expenses, including "payroll costs," "interest on any mortgage obligation," "rent," and "utilities." CARES Act § 1102(a)(2); 15 U.S.C. § 636(a)(36)(F)(i)". The CARES Act provides that PPP loans may be forgiven under certain circumstances, but forgiveness is not automatic. CARES Act § 1106. To receive forgiveness of a PPP loan, the borrower must submit an "application" for forgiveness to the lender servicing the PPP loan along with certain certifications regarding how PPP funds were spent. CARES Act § 1106; 15 U.S.C. § 9005(e).

The CARES Act also granted to the SBA, "emergency rulemaking authority" over the PPP, directing the Administrator to issue regulations to carry out the program without regard to typical notice requirements. CARES Act § 1114; 15 U.S.C. § 9012; see also, 15 U.S.C. §§ 633(a),(b)(1)(7) (placing management of the SBA in the hands of the Administrator); see also, 15 U.S.C. § 633(d)(the SBA shall "establish general policies ... which shall govern the granting and denial of application for financial assistance by the SBA.").

The Small Business Administration has issued four interim rules on the PPP program. The SBA had issued three interim final rules (the "Interim Rules") for the PPP Program at the time the Debtor applied for the PPP Loan. The First Interim Rule addressed PPP eligibility and minimal lending requirements for a PPP loan, without addressing the topic of bankruptcy, but required the applicant to submit SBA Form 2438 (Paycheck Protection Program Application Form), which

requires a borrower to certify, among other things, that the applicant is not "presently involved in any bankruptcy." 85 Fed. Reg. 20811, Art. III. § 2(q). The Second and Third Interim Rules explain other rules and procedures but do not address the topic of bankruptcy. See, 85 Fed. Reg. 20817 (April 15, 2020); 85 Fed. Reg. 21747-1 (April 20, 2020).

On April 28, 2020, the SBA issued the Fourth Interim Rule, clarifying that bankruptcy debtors are ineligible to participate in the PPP Program by providing the following:

> Will I be approved for a PPP loan if my business is in bankruptcy?
>
> No. If the applicant or the owner of the applicant is the debtor in a bankruptcy proceeding, either at the time it submits the application or at any time before the loan is disbursed, the applicant is ineligible to receive a PPP loan....The Administrator, in consultation with the Secretary, determined that providing PPP loans to debtors in bankruptcy would present an unacceptably high risk for an unauthorized use of funds or non-repayment of unforgiven loans.

None of the first three interim rules rendered "debtors bankrupt" ineligible to receive the PPP Loan nor made them ineligible for "loan forgiveness" under the CARES Act. The only relevant requirement was in SBA Form 2438, which provides that if the applicant answers "yes" to the question of being presently involved in any bankruptcy, then the loan will not be approved. The Debtor answered in the affirmative, but the loan was approved, and the funds disbursed.

It was not until April 28, 2020, when the Fourth Interim Rule was published, that the SBA issued a rule making debtors in bankruptcy ineligible. Hence, at the time of the Debtor filed its application there was no regulatory ban. It is contested that the Debtor received the PPP Funds on May 5, 2020, after SBA's Forth Interim Rule was in effect. Therefore, the SBA's Fourth Interim Rule was not in effect when the Debtor applied for the PPP Funds, but was in effect when Banco Popular disbursed the funds.

On June 5, 2020, the President signed the Paycheck Protection Program Flexibility Act of 2020 (Pub. L. 1161-142) (the "Flexibility Act"). This Flexibility Act was enacted and signed to

modify certain provisions of the CARES Act related to the forgiveness provision of any PPP Loan. To this end, the SBA amended their First Loan Forgiveness Rule (85 F.R. 33004, 330006)to state that "[f]or the purpose of loan forgiveness, the covered period is the 24-week period beginning on the date the lender disburses the PPP Loan. Alternatively, a borrower that received the PPP loan before June 5, 2020 may elect for the covered period to end eight weeks after the date of disbursement" 85 F.R. 38305, 38306.

PPP Loans and Bankruptcy

The SBA administers the PPP Loan Program and its eligibility requirements. 15 U.S.C. § 636(a). In the CARES Act, Congress authorized SBA's rulemaking power. 15 U.S.C. §9012. The SBA has issued four implementing rules, two of which are relevant to the controversy before the court, the first and the fourth. The first interim rule did not address the eligibility of bankruptcy debtors but required applicants to submit SBA Form 2483 which specifically provides that if the applicant answers "Yes" to the question of being involved in any active bankruptcy, then the PPP Loan will not be approved. The fourth interim final rule issued on April 28, 2020 specifically provides that bankruptcy debtors are not eligible for PPP Loans.

The SBA rules are within its authority and are not arbitrary and capricious. Therefore, bankruptcy debtors are not eligible to be approved a PPP Loan. In re Gateway Radiology Consultants, P.A., 983 F.3d 1239 (11th Cir. December 22, 2020). See also In re Penobscot Valley Hospital, 2020 WL 3032939, 68 Bankr.Ct.Dec. 220 (Bankr. D. Me. June 3, 2020).

This court adopts and follows the reasoning by U. S. Bankruptcy Judge Michael A. Fagone in In re Penobscot Valley Hospital, 2020 WL 3032939 (Bankr. Me. June 3, 2020), holding that a PPP Loan under the CARES Act is a loan and not a grant and that the bankruptcy exclusion for providing PPP loans does not violate the anti-discrimination provisions of section 525 of the Bankruptcy Code, 11 U.S.C. §525. "The PPP is not a grant that is similar to a license, permit,

charter, or franchise. The PPP is not a permission granted by the government to allow persons to engage in economic activity; it is a government-guaranteed program of credit extension on generous terms with forgiveness features intended to aid small businesses and incentivize them to retain employees during an unprecedented economic downturn." See adoption by the U. S. District Court for the District of Maine in Penobscot Valley Hospital v. Carranza, 620 B.R. 1 (D. Me. 2020); and Additional Proposed Findings and Conclusions in In re Penobscot Valley Hospital, 2021 WL 150412 (Bankr. Me. January 12, 2021).

The parties have not updated their legal arguments with the new bankruptcy relief provisions in the 2021 Federal Appropriations Act. The court finds that the same do not affect the outcome of this case considering its factual scenario.

The Consolidated Appropriations Act, 2021 (CARES Act II) was signed into law on December 27, 2020. There is a provision which amends section 364 of the Bankruptcy Code. PPP Loans are now available to debtors filing under Subchapter V of Chapter 11, Chapter 12 debtors, and chapter 13 debtors. The same does not address eligibility of chapter 11 debtors not filing under Subchapter V. This provision will be available only if the SBA Administrator sends a letter to the Executive Director of the Executive Office for United States Trustee acquiescing to PPP loans in bankruptcy. If the loan is not forgiven, it will be treated as a super priority administrative expense in the Chapter 11 proceeding. This provision sunsets on December 27, 2022. Since the Debtor did not file under Subchapter V and the court is not aware of the letter by the SBA Administrator, the change does not affect the Debtor in this case.

The CARES Act II amends section 525 of the Bankruptcy Code to provide that no person may be denied relief under three conditions: the foreclosure moratorium and right to request forbearance (15 U.S.C. § 9056); the forbearance of mortgage payments for multifamily properties (15 U.S.C. § 9057); and the temporary moratorium on eviction filings (15 U.S.C. § 9058). This

provision sunsets on December 27, 2021. These conditions are not present in the instant case. Thus, the court concludes that the actions by SBA are not discriminatory under the provisions of section 525 of the Bankruptcy Code.

Section 364 of the Bankruptcy Code

The Debtor argues that Section 364 of the Bankruptcy Code is not applicable because it "only requires that the Trustee or Debtor in Possession obtains leave to obtain post-petition credit to the extent that such post-petition loan will be given administrative expense status." The Debtor contends that in this case, under the "CARES Act the PPP Funds are not loans but grants. Alternatively, even if the PPP Funds were considered a loan and not a grant, leave from Court is not required under Section 364(a)."

Sections 364(a) and (b) state as follows:

(a) If the trustee is authorized to operate the business of the debtor under section 721, 1108, 1183, 1184, 1203, 1204, or 1304 of this title, unless the court orders otherwise, the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense.

(b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

Thus, prior-court authorization to obtain post-petition credit under § 364(b) is required if the transaction is not "in the ordinary course of business." Application for a PPP Loan to provide emergency assistance and health care response for persons affected by the 2020 coronavirus pandemic is clearly not in the ordinary course of business. Contrariwise, the PPP Loan program exists because there are extraordinary circumstances. Therefore, since the court has concluded that PPP loans are, as the name indicates, a loan, an application under section 363 is required, irrespective of eligibility issues.

Since the funds were admittedly used for the payment of employee salaries and utilities, the same are actual and necessary expenses to preserve the state and meet the criteria in section 503(b), 11 U.S.C. § 503(b).

CONCLUSION

In view of the foregoing, the motion filed by BPPR requesting that the $88,500.00 disbursed to the Debtor be allowed as an administrative expense priority claim is hereby granted.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of February 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge

-11-