**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:

DESTILERIA NACIONAL INC.

    Debtor

CASE NO. 20-01247 (ESL)

CHAPTER 11

<u>OPINION AND ORDER</u>

This case is before the court upon the *Debtors' Objection to Amended Claim Two filed by the Municipal Revenue Collection Center and for Allowance of Such as Administrative Expense* (Docket No. 228), the *CRIM's answer to Objection to Amended Claim Two Filed by the Municipal Revenue Collection Center and for Allowance of Such as Administrative Expense* (Docket No. 249), and *Motion for Leave to File Reply to CRIM's Answer to Objection to Amended Claim 2 and Tendering the Same* (Docket No. 255). For the reasons stated below, the Debtor's Objection to Amended Claim 2 is hereby denied.

<u>DISCUSSION</u>

On February 5, 2021, Destilería Nacional Inc. filed its *Objection to Amended Claim Two filed by the Municipal Revenue Collection Center and for Allowance of Such as Administrative Expense* (Docket No. 228). The Debtor alleges that CRIM amended its claim to include the amount of $29,960.78, of which $22,371.82 was claimed as a priority under 11 U.S.C. §507(a)(8) and $7,588.96 was claimed as general unsecured for penalties and surcharges. . The Debtor argues that pursuant to the Account Statement filed in support of the Amended Claim No. 2, "such claim is for a tax due post-petition, on August 7, 2020." The Debtor alleges that the taxes claimed by CRIM were incurred by the debtor-in-possession and are an administrative expense of the Debtor. Therefore, such claim is not a right of payment against the Debtor that arose before the order for relief, and thus, is not a claim as defined by Section 101(5) and CRIM is not a "creditor" as defined by section 101(10). As alleged by the Debtor, the "claim" by CRIM is truly an administrative claim pursuant to Section 503(b)(1)(B) which includes: "any tax –(1) incurred by the estate, whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both,

except a tax of a kind specified in section 503(a)(8)". Aditionally, Section 503(b)(1)(C) establishes that "any fine, penalty or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph" is also an administrative claim.

The Municipal Revenue Collection Center ("CRIM") filed its *CRIM's answer to Objection to Amended Claim Two Filed by the Municipal Revenue Collection Center and for Allowance of Such as Administrative Expense* (Docket No. 249). CRIM argues that the taxes included in Amended Claim 2 are personal property taxes pursuant to a tax return filed by the Debtor on December 2020, for the taxes corresponding to year 2019.[1] Although it might seem that claim 2-2 is administrative due to the Debtor's late filing of its personal property tax returns, it is not, considering that personal property taxes accumulate during the calendar year. Therefore, the claim is split in two portions: $22,371.82 classified as priority under 11 U.S.C. §507(8)(B) and $7,588.96 classified as general unsecured.

On February 11, 2021, the Debtor filed its *Motion for Leave to File Reply to CRIM's Answer to Objection to Amended Claim 2 and Tendering the Same* (Docket No. 255). On said Motion the Debtor conceded that the "$29,960.78 portion of Claim No. 2-2 is a priority pursuant to 11.U.S.C. §507(a)(8)(B), 502(d) and 502(i)." The court notes that the priority portion is in the amount of $22,371.82 and not $29,960.78, which is the total amount owed. The court agrees that a property tax liability is generally "incurred on the date it accrues, not on the date of the assessment or the date on which it is payable." Taxes incurred prepetition but assessed postpetition are a priority but not an administrative expense. W. Va. State Dep't of Tax & Revenue v. IRS (In re Columbia Gas Transmission Corp.), 37 F.3d 982, 985 (3d Cir. 1994). Only liabilities incurred postpetition may be allowed as an administrative expense. In re Anchor Glass Container Corp., 375 B.R. 683, 66 (Bankr. M.D. Fla. 2007).

However, the Debtor argues that the amount of $7,588.96 claimed for penalties and surcharges is not general unsecured, but an administrative expense pursuant to 11 U.S.C. §503(b)(1)(B)(ii) and (C). The Debtor states that, as clarified by CRIM, by August 2020 the Debtor had to file the tax form for the pre-petition tax year 2019. Failure to do so triggered surcharges and

---

[1] The last date to file the return was August 1st, 2020, rescheduled from May 15, 2020, due to the COVID-19 pandemic health emergency in Puerto Rico.

penalties. Thus, it contends all surcharges and penalties are within the scope of Section 503(b)(1)(B).

Section 503(b)(1)(B), cited by the Debtor, provides as follows:

(B) any tax—

(i) incurred by the estate, whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both, except a tax of a kind specified in section 507(a)(8) of this title [11 USCS § 507(a)(8)]; or

(ii) attributable to an excessive allowance of a tentative **carryback adjustment** that the estate received, whether the taxable year to which such adjustment relates ended **before** or after the commencement of the case.

(C) any fine, **penalty,** or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph; … (Emphasis added by the Debtor)

The court notes that Section 503(b)(1)(B)(ii) is inapplicable as the taxes included by CRIM in Amended Claim 2-2 are not related to "an excessive allowance of a tentative carryback adjustment". Additionally, the penalties referred to in section 503(b)(1)(C) are those associated to taxes specified in subparagraph (B), which the Debtor conceded was inapplicable. Section 507(a)(8) is also relevant to the dischargeability provisions of section 523 but not to the determination of an administrative expense under section 503. In re Molina, 487 B.R. 73 (Bankr. P.R. 2013).

For the reasons stated herein, the court finds that the Debtor has failed to provide any legal support to its allegation that a portion of the CRIM's claim is administrative and, therefore, denies its objection to Amended Claim 2-2. Although the Debtor appears to argue that CRIM's claim should be awarded a higher priority of payment status as an administrative expense, the underlying reason for such action is to remove its classification as a partial unsecured creditor, and adversely affect the acceptance of the competing plan submitted by Miramar Brewing LLC.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this February 25th, 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge

-3-