IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                         CASE NO.  20-01247 (ESL)

DESTILERIA NACIONAL, INC.                      CHAPTER  11

    Debtor

## OPINION AND ORDER

This case is before the court upon the motion for consignment filed by Dr. William Cruz ("Cruz") of the amounts owed by the Debtor, Destilería Nacional, Inc. ("Debtor "or "Destilería") to Miramar Brewing LLC ("Miramar"), in the amount of $3,278.00, as stated in proof of claim number 6 ("POC 6"). Cruz is the president and sole shareholder of the Debtor.  Cruz claims standing as a party in interest for being a shareholder whose equity interest is affected in the case. Miramar became a creditor of the Debtor upon the transfer of the claim held by Cidra Excavation, LLC on December 31, 2020.  Miramar filed a Chapter 11 Small Business Plan on December 31, 2020 as a creditor and party in interest for the Debtor after the exclusivity period for the small business Debtor to file a plan lapsed. Miramar refused to accept the payment from Cruz.

On February 1, 2021 Cruz served upon Miramar Brewing, LLC a payment in the amount of $3,278.00 intended to be in full satisfaction of the $3,278.00 Miramar claims to be owed by the Debtor pursuant to Article 1120 of the Puerto Rico Civil Code. Cruz alleges that the tendering of the payment operates as a satisfaction of the debt owed pursuant to article 1125 of the Puerto Rico Civil Code. Miramar's refusal to accept payment without reason discharges the debt pursuant to Article 1131 of the Puerto Rico Civil Code. According to Cruz, the satisfaction of the debt upon the tendered consignment deprives Miramar of its standing as it is no longer a party in interest with a pecuniary interest in the case. Due to Miramar's refusal to accept payment, Cruz opted to move for the consignment of the funds on February 2, 2021.

Miramar informed the court of its intention to oppose the motion for consignment and Cruz opposed the same. Cruz's allegations rest on the urgency caused by the scheduling of a hearing for February 12, 2021 to consider the confirmation of Miramar's Chapter 11 Small Business Plan, which provided no payment to Cruz on account of its equity interest in the Debtor corporation. On February 4, 2021 Miramar filed its opposition to the motion for consignment. Miramar summarizes the events leading to the filing of the voluntary petition and highlights the

Debtor's selected actions of paying certain pre-petition creditors and interfering with the procurement of ballots in favor of Miramar's proposed plan. Miramar further questions the interference by Dr. Cruz in purchasing prepetition claims in order to influence the voting process. Miramar also alleges that Cruz is attempting to eliminate Miramar's standing to propose a plan for his personal benefit and to the detriment of other creditors of the estate.

Miramar alleges that Cruz is an insider as the term is defined in 11 U.S.C. § 101(31) as he is the president and sole shareholder of Destilería. The Supreme Court of Puerto Rico (the "PRSC") has determined that a "third party" in this payment context of the Puerto Rico Civil Code is someone who is not connected to the "debtor" by a contractual relationship or by any conventional relationship. See Torre Médica HIMA San Pablo v. Atlantis Health Care Group, 2018 P.R. Supreme Court 22, at p. 15, 199 D.P.R. 769, 2018 WL 1076764 (P.R. (2018). Therefore, Dr. Cruz cannot be a "third party" within the meaning of article 1120 of the Civil Code, entitled to make a payment of the Miramar Claim without its consent.

Miramar further alleges that it may not accept payment from Dr. Cruz pursuant to Article 1124 of the Puerto Rico Civil Code as such article provides that a payment made to a creditor is not effective if done after the "Debtor" has been judicially ordered the suspension of payments. In this case the automatic stay provisions of 11 U.S.C. § 362(a) become operative from the filing date, that is, March 6, 2020. Furthermore, the allegations by Dr. Cruz that article 1125 causes the satisfaction of the debt upon tendering the consignment are incorrect as the legal provision relates to payment to third parties and not to payments by third parties. Therefore, the consignment does not extinguish the debt.

Miramar states that the consignment provision in the Puerto Rico Civil Code of 2020, Article 1131, modifies the consignment provisions of Article 1130 of the Puerto Rico Civil Code of 1930, to state that the release is upon the consignment by the "debtor" and not by a third party.

In his sur-reply Dr. Cruz states that the motion for consignment made on February 2, 2021 was under Rule 67 of the Fed. R. Civ. P., made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7067. However, Bankruptcy Rule 7067 provides that "Rule 67 FR Civ P applies in adversary proceedings." The motion for consignment was filed in the bankruptcy case and is now a contested matter. Fed. R. Bankr. P. 9014(c) does not incorporate Rule 7067 to contested matters. Moreover, the motion for consignment does not specify the applicability of Fed. R. Civ. P. 67 but the applicable provisions for consignment in the Puerto Rico Civil Code. The court declines to exercise its discretion and accept the proposition by Dr. Cruz that a consignment under Rule 67

does not modify any substantive right since from the filing of the motion the intent of the consignment is to deprive Miramar of its standing to file a competing chapter 11 plan. 10 Collier on Bankruptcy ¶ 7067.02. Therefore, Rule 67 is not applicable.

DISCUSSION

The filing of the bankruptcy petition triggers the applicability of the automatic stay provisions of section 362(a) of the Bankruptcy Code and operates as a statutory injunction providing interim protection from debt collection. The automatic stay allows the orderly administration of the bankruptcy estate and the equitable payment of creditors according to the statutory provisions of the Bankruptcy Code. Generally, payment to creditors holding a claim in a Chapter 11 case is done in accordance of the provisions of a confirmed plan and the priorities set forth in the Bankruptcy Code. Debtors may not selectively pay prepetition creditors unless so authorized by the court. The automatic stay provisions of section 362 and the payment authorization of creditors in a chapter 11 bankruptcy case are consonant with the provision in Article 1124 of the Puerto Rico Civil Code which invalidates payment to a creditor after a judicial order to suspend payment.

A review of Articles 1112 to 1132 of the Puerto Rico Civil Code of 1930 related to payment and consignment by a third party, and comparing the same with Articles 1120 to 1137 of the Puerto Rico Civil Code of 2020, which address payment and consignment by a third party, does not reveal substantive changes. A consignment made pursuant to Article 1131 of the Puerto Rico Civil Code of 2020 liberates a "debtor" who consigns payment to a creditor under the situations provided for in the article. It does not specifically apply to consignments made by third parties. This court agrees with and follows the decision by the Supreme Court of Puerto Rico in Torre Médica HIMA San Pablo v. Atlantis Health Care Group, 2018 P.R. Supreme Court 22, at p. 15, 199 D.P.R. 769, 2018 WL 1076764 (P.R. (2018); that for consignment purposes a third party that realizes a payment for a debtor must not be related to the debtor. See also Bella International, LLC v. Rodriguez Sambolin, et als, 2020 WL 5367215 (Puerto Rico Court of Appeals 2020). Since it is uncontested that Dr. Cruz is the president and sole shareholder of the Debtor Destilería, he does not qualify as a third party that may through a consignment extinguish a debt of the Debtor.

CONCLUSION

In view of the foregoing, the court hereby denies the motion for consignment filed by Dr. Cruz as he is not a third party who may force the liberation of a debt through consignment on account of his close relation with the Debtor in bankruptcy and the debtor of the prepetition debt acquired by Miramar.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of March 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge

-4-