IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

DESTILERIA NACIONAL, INC.

    Debtor

CASE NO. 20-01247 (ESL)

CHAPTER 11

## OPINION AND ORDER

This case is before the court upon the objection filed by the Debtor, Destilería Nacional, Inc. ("Destilería") to the proof of claim (POC 6) filed by Miramar Brewing LLC ("Miramar") and for joinder of urgent motion to consign payment (dkt. #214), Miramar's opposition (dkt. #254), and Destilería's supplement to the objection and objection to Miramar's disclosure statement and plan (dkt. #259).

## ALLEGATIONS

The Debtor alleges that Miramar lacks a claim against the estate after "a third party" tendered payments of the claim, and, thus, lacks standing to appear in this case. The Debtor joins the motion for consignment filed by Dr. William Cruz ("Cruz"). Dr. Cruz is the president and sole shareholder of the Debtor. The arguments related to inexistence of a claim follow the ones in the motion for consignment filed by Dr. Cruz and also serve as a basis for Debtor's contention that Miramar does not have standing as it no longer has an injury in fact.

Miramar opposes the Debtor's objection to its proof of claim alleging that Dr. Cruz is an insider under the definition of 11 U.S.C. § 101(31)(B) and may not be a third party for consignment purposes. Miramar restates the allegations made in its opposition to the motion for consignment filed by Dr. Cruz.

The Debtor in its supplement to the objection to Miramar's POC 6 states that Miramar was not a prepetition creditor and did not exist until after the instant bankruptcy petition was filed. Miramar became a creditor "as the alleged assignee of the holder of Claim No. 6, Cidra Excavating LLC ("Cidra")." The Debtor alleges that "the assignment agreement in which Claim No. 6 was transferred to Miramar is unenforceable to the Debtor pursuant to Articles 281,283, and 1210 of the Civil Code." The legal basis for Debtor's allegation is that "Article 1120 of the Civil Code provides that the assignment of a right or action does not affect third parties until after its date is certain. The Civil Code, in Article 283, establishes that a

-1-

"certain date" is the date that establishes that an instrument was not signed on a future date. This article further provides how "certain date" established in any of the following three ways: (1) the incorporation or inscription in a public registry; (2) its transcription in a public instrument; or (3) by the death of any of its signors. The assignment agreement between Cidra and Miramar does not meet any of these requirements to have 'certain date'."

DISCUSSION

The court, at the outset, sets forth what it already concluded in the opinion and order denying the motion for consignment filed by Dr. Cruz, that is:

> A review of Articles 1112 to 1132 of the Puerto Rico Civil Code of 1930 related to payment and consignment by a third party, and comparing the same with Articles 1120 to 1137 of the Puerto Rico Civil Code of 2020, which address payment and consignment by a third party, does not reveal substantive changes. A consignment made pursuant to Article 1131 of the Puerto Rico Civil Code of 2020 liberates a "debtor" who consigns payment to a creditor under the situations provided for in the article. It does not specifically apply to consignments made by third parties. This court agrees with and follows the decision by the Supreme Court of Puerto Rico in Torre Médica HIMA San Pablo v. Atlantis Health Care Group, 2018 P.R. Supreme Court 22, at p. 15, 199 D.P.R. 769, 2018 WL 1076764 (P.R. (2018); that for consignment purposes a third party that realizes a payment for a debtor must not be related to the debtor. See also Bella International, LLC v. Rodriguez Sambolin, et als, 2020 WL 5367215 (Puerto Rico Court of Appeals 2020). Since it is uncontested that Dr. Cruz is the president and sole shareholder of the Debtor Destilería, he does not qualify as a third party that may through a consignment extinguish a debt of the Debtor.

Therefore, the Debtor's contention of Miramar's lack of standing is denied for the reasons stated above.

Miramar filed document showing the transfer of Cidra's claim to Miramar on December 31, 2020 (dkt. #129). The transfer document shows it was made using Official Form B2100A and that the corresponding transfer fee was paid. See dkt. #130. Notice of the transfer was given to all parties in interest on January 7, 2021 (dkt. #137).

The claim transfer provisions governing Miramar's claim is Fed. R. Bankr. P. 3001(e)(2) which provides in pertinent part as follows:

> If a claim ... has been transferred ... after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that

objection thereto, if any, must be filed within 20 days of the mailing of the notice or within any additional time allowed by the court. If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor. If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.

Bankruptcy Rule 3001(e) is the mechanism through which the purchaser of a claim (the transferee) steps into the shoes of the seller (transferor) and requires that a transferee of a proof of claim that has already been filed must file evidence of the transfer. In re Wilson, 96 B.R. 257, 261 (9th Cir. BAP 1988); in order to place parties in interest on notice that the original holder of the claim against the estate is no longer an interested party with respect to that claim. In re Ellington, 151 B.R. 90, 96 (Bankr.W.D.Tex.1993).

Bankruptcy Rule 3001(e) was amended in 1991 "to limit the court's role to the adjudication of disputes regarding transfers of claims." Fed. R. Bankr. P. 3001(e) advisory committee's note to 1991 amendment. Rule 3001(e)(2) directs the Court to recognize a valid transfer of claim.

"The Code does not speak to the validity of claim transfers, and the Bankruptcy Rules provide only procedures for the filing of notice required for a transferee to be recognized as the holder of the claim. See Bankr. Rule 3001(e); In re Odd Lot Trading, Inc. 115 B.R. 97, 100 (Bankr. N.D. Ohio 1990); Fortgang & Mayer, Trading Claims, at 19–25. The circumstances in which claims transfers are expressly said to be invalid are limited. For example, the purchasing of claims by an affiliate or insider of the debtor for the sole purpose of blocking the confirmation of competing plans may constitute "bad faith" for the purposes of section 1126(e), 11 U.S.C. § 1126(e). See In re Applegate Property, Ltd., 133 B.R. 827, 834–35 (Bankr.W.D.Tex.1991)" In re SPM Mfg. Corp., 984 F.2d 1305 (1st Cir. 1993).

The record of the case shows that the transfer of the Cidra claim to Miramar was done using the appropriate official form, the corresponding filing fee was paid, and notice was given. Clearly, the applicable bankruptcy provisions governing the transfer of claims were followed. The provisions regulating the assignment of a right or action under the Puerto Rico Civil Code are inapposite to the transfer of a claim under the facts of this case. The court may not, and will not, intervene in the validity of such transfer.

-3-

CONCLUSION

In view of the foregoing reasons, Debtor's objection to Miramar's proof of claim number 6 is hereby denied as the consignment allegations do not apply to the facts of this case, nor do the provisions regarding the assignment rights under the laws of Puerto Rico apply to the facts before the court regarding the transfer of the claim by Cidra to Miramar.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of March 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge

-4-