IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO.   20- 01247 (ESL)

DESTILERIA NACIONAL, INC.                                 CHAPTER  11

        Debtor

OPINION AND ORDER

        This case is before the court upon the motion for reconsideration filed by the Debtor, Destilería Nacional, Inc.  ("Debtor" or "Destilería") on February 19, 2021, alleging that "the Court's legal  conclusion  and/or ratio  decidendi  on Debtor's eligibility for the PPP Funds is unclear particularly  with respect  to  the  applicability  of  the  relevant  interim rules  of  the SBA. This clarification is of the utmost importance in view that it triggers the applicability of  certain  key issues of law that were not discussed in the Opinion." (dkt. #267). The order that the Debtor seeks reconsideration of was entered on February 5, 2021 (dkt. #233).

        Banco Popular de Puerto Rico ("BPPR") filed an opposition to the motion for reconsideration stating that the Debtor is rehashing "arguments  that  the  Court  already considered and simply did not agree with and should be summarily discarded for purposes of Fed. R. Bank. Pr. 9023." BPPR also states that the Debtor "conveniently ignores that courts have already concluded that "bankruptcy debtors are not eligible to be approved a PPP Loan". See, In re Gateway Radiology Consultants, P.A., 983 F.3d 1239 (11th Cir., December 22,2020); In re Penobscot Valley Hospital, 2020 WL 3032939 (Bankr. D. Me., June 3, 2020). Further, as correctly concluded in the Opinion, "[t]o receive forgiveness of a PPP loan, the borrower must submit an 'application' for forgiveness to the lender servicing the PPP loan along with certain certifications regarding how PPP funds were spent." See, Opinion at p. 6 (citing CARES Act § 1106; 15 U.S.C. § 9005(e)).In effect, the Debtor is seeking review, not just of the Opinion, but of all the cases that defeat its flawed reasoning."

-1-

Court's Decision

The court's decision is summarized below:

"This court adopts and follows the reasoning by U. S. Bankruptcy Judge Michael A. Fagone in In re Penobscot Valley Hospital, 2020 WL 3032939 (Bankr. Me. June 3, 2020), holding that a PPP Loan under the CARES Act is a loan and not a grant and that the bankruptcy exclusion for providing PPP loans does not violate the anti-discrimination provisions of section 525 of the Bankruptcy Code, 11 U.S.C. §525. "The PPP is not a grant that is similar to a license, permit, charter, or franchise. The PPP is not a permission granted by the government to allow persons to engage in economic activity; it is a government-guaranteed program of credit extension on generous terms with forgiveness features intended to aid small businesses and incentivize them to retain employees during an unprecedented economic downturn." See adoption by the U. S. District Court for the District of Maine in Penobscot Valley Hospital v. Carranza, 620 B.R. 1 (D. Me. 2020); and Additional Proposed Findings and Conclusions in In re Penobscot Valley Hospital, 2021 WL 150412 (Bankr. Me. January 12, 2021)."

Based on the above, the court granted the motion filed by BPPR requesting that the $88,500.00 disbursed to the Debtor be allowed as an administrative expense priority claim.

Position of the Parties

The Debtor contends that this court's decision takes inconsistent and incorrect positions as to the Small Business Administration's ("SBA") interim rules regulating the approval of PPP loans.

The United States Trustee, as ordered by the court, stated her position. "[T]he United States Trustee informs that she does not take a position as to the Debtor's Motion for Reconsideration. . . . The Motion for Reconsideration does not directly challenge any of the arguments made by the United States Trustee in her Reply to Debtor's Memorandum of Law in Response to U.S. Trustee's Position on Paycheck Protection Program (the "Reply"). (Docket No. 125). . . . There, the United States Trustee made the following arguments: (1) the PPP Loan Documents and the SBA would require that the PPP Loan be granted an administrative expense status if it is not forgiven; (2) Debtor failed to establish that the PPP Loan should be considered a grant for all purposes, including § 364(b); and (3) Obtaining a PPP Loan is not an

activity within the "ordinary course of business," as required for § 364(a) to apply. Id. . . . In contrast, the Debtor's arguments in the Motion for Reconsideration center around whether the SBA's Fourth Interim Rule should be granted retroactive effect, and whether the statement of exclusion in Form 2483 had any binding effect."

In addition to the above stated regarding BPPR's opposition, BPPR states that:

"as an important conclusion in the Opinion, the Court overruled the Debtor's argument that the PPP Loan was a grant, ruling that:(i)"since the court has concluded that PPP loans are, as the name indicates, a loan, an application under section 364 is required, irrespective of eligibility issues"; (ii) that, "prior-court authorization to obtain post-petition credit under § 364(b) is required if the transaction is not 'in the ordinary course of business'" and;(iii)that an "[a]pplication for a PPP Loan to provide emergency assistance and health care response for persons affected by the 2020 coronavirus pandemic is clearly not in the ordinary course of business". See, Opinion at p. 10.(Emphasis added)."

"During the Hearing, as correctly pointed out in the Opinion, the Debtor admitted that the PPP Funds were used for the payment of employee salaries and utilities as an actual and necessary expense to preserve the state and meet the criteria in 11 U.S.C. §503(b). In sum, the Court took under advisement the matters discussed in the PPP Pleadings, the Report, the arguments presented at the Hearing, as further developed in the Supplements, went over the relevant legal provisions in the Opinion for a determination under 11 U.S.C. §503(b) and, in spite of the plethora of allegations by the Debtor that bankruptcy debtors–except the one in this particular case–are ineligible for a PPP Loan, the Court was clearly not persuaded by the Debtor's position."

<u>Legal Standard for a Motion for Reconsideration</u>

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. <u>In re Pabon Rodriguez</u>, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) aff'd, 2001 WL 958803 (1st Cir. 2001) (citing <u>Van Skiver v. United States</u>, 952 F. 2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These

two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within fourteen (14) days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b). Id.

In the instant case, Debtor's motion for reconsideration was filed within fourteen (14) days from the date that the dismissal order entered. Therefore, the motion will be treated as one under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 52(b), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 7052, allows "the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." National Metal Finishing Company v. Barclays American Commercial, Inc., 899 F.2d 119, 122 (1st Cir. 1990). Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence." Id. See also; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997). The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

Discussion

The Opinion and Order that is the object of the motion is how this court views the controversy based on the uncontested material facts submitted by the parties in their pretrial report filed on October 1, 2020. The parties argued their positions during the pretrial hearing held on October 6, 2020 and further supplemented their legal arguments, as ordered by the Court. See the pretrial minutes cited by the court in its Opinion and Order (dkt.#91). The Opinion discusses the legal provisions which are relevant in a bankruptcy case for an adjudication of the motion filed by BPPR praying the court to determine that the PPP loan proceeds are an administrative expense priority pursuant to 11 U.S.C. §503(b).

The court finds that there are no manifest errors of law or fact in the Opinion and Order. The Court declines to revisit the very same arguments that the Debtor has raised in in its pleadings, legal memoranda, and argumentation.

Conclusion

In view of the foregoing, the motion for reconsideration of the Opinion and Order allowing the funds disbursed by BPPR pursuant to the PPP loan as an administrative expense priority is denied as it fails to establish that there is any manifest error of law that merits any amendment to the Court's findings and legal conclusions in the Opinion and Order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of April 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge

-5-