IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO.  20-01247 (ESL)

DESTILERIA NACIONAL, INC.                       CHAPTER  11

    Debtor

OPINION AND ORDER

This case came before the court on February 12, 2021 for a hearing to consider the final approval of the disclosure statement filed by the Debtor, Destilería Nacional, Inc. ("Debtor" or "Destilería"), the confirmation of the Chapter 11 Small Business plan filed by the Debtor, the final approval of the disclosure statement filed by Miramar Brewing LLC ("Miramar"), and the confirmation of the Chapter 11 Small Business plan filed by Miramar. The Debtor's counsel admitted that the Chapter 11 Small Business plan submitted by the Debtor could not be confirmed as there was no accepting class. Thus, only the final approval of the disclosure statement submitted by Miramar, and the confirmation of its Chapter 11 Small Business plan dated January 15, 2021 (dkt. #155), as supplemented (dkt. #172), was left for the court's decision.

The above scenario shows that competing plans were before the court at the February 12, 2021 hearing. Pursuant to Section 1121(c) of the Bankruptcy Code, any party in interest may file a plan if the debtor has not filed a plan that has been accepted by each class of impaired claims and impaired interests before 180 days after the date of the order for relief or any extension of such period. The section provides that a creditor is a party in interest that may file a plan. In this case Miramar became a creditor upon the transfer of claim number 6 filed by Cidra Excavation LLC ("Cidra").[1] Consequently, Miramar as a creditor, and not as an entity intending to purchase the Debtor's assets, is a party in interest to propose a competing plan. See also 11 U.S.C. § 1109(b). The fact that the transfer was procured by Miramar with the intent to file a competing

---

[1] On March 3, 2021 the court entered an opinion and order denying Debtor's objection to Miramar's proof of claim 6 concluding that the transfer from Cidra to Miramar was appropriate (dkt. #281).

plan is not by itself improper or illegal, In the matter of TCI 2 Holdings, LLC, 428 B.R. 117 (Bankr. D.N.J. 2010).

Because the Debtor has admitted that its plan is not confirmable, the court is not faced with the predicament of having to choose between two competing plans that are both confirmable. In re Holley Garden Apartments, LTD., 238 B.R. 488 (Bankr. M.D. Fla. 1999). In this case there is only one confirmable plan. The court notes that the provisions in section 1121(e) [2]do not apply to non-debtor plan proponents. In re Simbaki, LTD, 522 B.R. 917 (Bankr. S.D. Tex. 2014); In re Riviera Drilling & Exploration Co., 502 B.R. 863 (10th Cir. BAP 2013).

The court must first address whether the amended disclosure statement filed by Miramar contains adequate information as is required by 11 U.S.C. 1125(a)(1). Determining whether the information provided in the disclosure statement is adequate depends on the particular circumstances of the case and the information in the disclosure statement must place all classes of creditors in an informed position to vote on the proposed plan. In re El Comandante Management Company, LLC, 359 B.R. 410 (Bankr. D.P.R. 2006). If the court finds that the disclosure statement does contain adequate information and the same is finally approved, the court must then determine if the Chapter 11 Small Business plan filed by Miramar meets the requirements of section 1129 of the Bankruptcy Code.

Approval of Miramar's Disclosure Statement

Pursuant to § 1125, a debtor is prohibited from soliciting acceptances of a plan until the bankruptcy court approves a disclosure statement containing "adequate information." The Bankruptcy Code defines adequate information as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical investor typical of holders of

---

[2] All references to "Bankruptcy Code" or to specific statutory sections are to 11 U.S.C. §§ 101 – 1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

claims or interests of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1). Whether or not the information provided in the disclosure statement is adequate is determined by the Bankruptcy Code and "is not governed by any otherwise applicable nonbankruptcy law, rule or regulation." 11 U.S.C. § 1125(d); see also Kaufman v. Public Serv. Co. of N.H. (In re Public Serv. Co. of N.H.), 43 F .3d 763, 766 (1st Cir.1995); In re El Comandante Mgmt. Co., LLC, 359 B.R. 410, 415 (Bankr.D.P.R.2006).

"A mayor concern of Congress in enacting the present Chapter 11 was the creation of an appropriate mechanism for providing all parties in interest with adequate information about the debtor and the proposed plan. Thus, prior to the circulation of a plan and solicitation of votes on the plan by creditors and equity security holders, they must receive adequate information to make an informed judgment on the plan in the form of a court-approved disclosure statement." 2 Bankruptcy Law Manual § 11:59, p. 899 (5th ed. 2017).

The case before the court is a small business chapter 11. A small business debtor is faced with time strictures regarding the filing and confirmation of a plan. See 11 U.S.C. §§1121(e) and 1129(e).  Considering these timing limitations, section 1125(f) allows the court in a small business chapter 11 to determine that the plan itself provides adequate information and also allows the court to conditionally approve a disclosure statement subject to final approval, thus allowing the plan proponent to solicit acceptances to the plan.  Although the time strictures apply only to debtors, and not to non-debtors, In re Riviera Drilling & Exploration Co., 502 B.R. 863, 871 – 872 (10th Cir. BAP 2013), In re Simbaki, LTD., 522 B.R. 917, 921 (Bankr. S.D. Tex. 2014), the court entered an order on January 7, 2021, conditionally approving Miramar's disclosure statement and fixing the time to file acceptances and rejections to the plan filed by Miramar (dkt. #136). See the following cases describing the applicability of sections 11221(e) and 1129(e) to debtors: In re Roots and Rents, Inc., 420 B.R. 28 (Bankr. D. Idaho 2009) and In re Darby General Contracting, Inc., 410 B.R. 136 (Bankr. E.D.N.Y/ 2009). Therefore, the court must now determine if the disclosure statement may be finally approved.

"The phrase "adequate information" has been deliberately left vague by Congress to give a bankruptcy court "wide discretion to determine on a case-by-case basis" whether the disclosure is reasonable." In Re Ferretti, 128 B.R. 16, 18 (Bank. D. N.H. 1991). "A disclosure statement should provide the creditors with an accurate basis for determining their position and their ability to make an informed decision with regard to the acceptance or rejection of the plan." In re Constr. Supervision Servs., Inc., Supra, at *5. A proper disclosure statement should be clear and succinct. In re RADCO Props., Inc., 402 B.R. at 669.

"Disclosure statements are required to contain liquidation analyses that enable creditors to make their own judgment as to whether a plan is in their best interests and to vote and object to a plan if they so desire. The protections of creditors at confirmation and during the confirmation process are exceptionally strong." In re Crowthers McCall Pattern, Inc., 120 B.R. 279, 282 (Bankr. E.D.N.C. 2009).

Destilería objects the approval of Miramar's disclosure statement alleging that Miramar lacks standing to present the same and, even if it does, the same does not provide adequate information as required by section 1125 of the Bankruptcy Code. As stated before, the court has already determined that Miramar is a party in interest that may present a plan. Thus, the first ground is no longer applicable. Therefore, the court must determine if the disclosure statement contains adequate information.

The Debtor alleges that the disclosure statement filed by Miramar fails to disclose that its officers are insiders, as the term is defined in the Bankruptcy Code, since they control 80% of its distribution. The Debtor alleges that the disclosure statement and the plan fail to disclose the means of implementation. Debtor questions the references to the effective date of the plan upon confirmation. The Debtor alleges that the disclosure statement fails to disclose the sales price. The Debtor also alleges that the plan does not comply with applicable state law as by acquiring the Debtor's assets the employees will be terminated.

The Debtor did not provide evidence in support of its allegation that the purchaser's officers were insiders as defined in section 101(31) of the Bankruptcy Code. Neither Miramar nor

its officers are related to the Debtor. Although no evidence was presented to prove that the officers of Miramar control 80% of Debtor's distribution, such a fact does not, by itself, make them insiders in the bankruptcy context.

The court disagrees with the Debtor's perception of the information contained in the amended disclosure statement filed by Miramar (dkt. #154). The same provides a clear and thorough analysis of the events leading to the bankruptcy filing, that the purpose of the disclosure statement in support of the plan is the acquisition of Debtor's assets, and a clear depiction of the classification and treatment of claims and interests. The disclosure statement also provides in section IV a detailed description of the plan implementation, including funding of the plan, distribution under the plan. Section V provides an adequate liquidation and financial analysis as to the best interests of creditors, duly supported by the report of CPA Luis R. Carrasquillo. The disclosure statement also details in Section VI the conditions for the effective date of the plan to occur. Section VII informs the effects of confirmation as to the vesting of assets and the binding effect of confirmation. Section VIII informs on the assumption and rejection of executory contracts. The court finds that the disclosure statement in support of the plan, under the circumstances, does provide adequate information. Therefore, the amended disclosure statement (dkt. #154) is finally approved.

Confirmation of Miramar Chapter 11 Plan

Confirmation of a plan of reorganization is governed by 11 U.S.C. § 1129. The plan proponent bears the burden of proving by a preponderance of the evidence that the requirements of Section 1129 are satisfied. Irving Tanning Co. v. Me. Superintendent of Ins., 496 B.R. 644, 658 (B.A.P. 1st Cir. 2013) citing In re Salem Suede, Inc., 219 B.R. 922, 932 (Bankr. D. Mass. 1998); In re Ponce de Leon 1403, Inc., 523 B.R. 349, 395 (Bankr. D.P.R. 2014).

Dr. William Cruz, Debtor's President and shareholder, objects to the confirmation of Miramar's Chapter 11 plan alleging that the same is a hostile takeover, that Miramar is not a party

in interest, the plan is not filed in good faith and the plan does not meet the best interests test or liquidation value test pursuant to section 1129(a)(7).

On February 3, 2021 Miramar filed a statement under section 1129 detailing the reasons why the proposed plan, as supplemented and amended (dkt. Nos. 132, 155 and 172) met the requirements of section 1129 of the Bankruptcy Code (dkt. #215) and a motion submitting ballots (dkt. #216). The proposed plan is the purchase of debtor's assets. Miramar also filed a motion submitting documents in support of the confirmation of its plan, including an amended liquidation analysis (dkt. #262). Miramar argued the same at the hearing held on February 12, 2021 (dkt. #266). After a thorough examination of all the documents submitted by Miramar and there being no evidence to contradict the same, other than unsupported allegations, the court finds that the plan proposed by Miramar, as amended and supplemented, does meet the requirements of section 1129. The court agrees with, and need not repeat, the assertions made by Miramar in its statement regarding the requirements of 11 U.S.C. § 1129 (dkt. #215), as supported by the documents filed on February 12, 2021 (dkt. #262).

The above referred documents show the feasibility of the proposed plan by including evidence of funding source to purchase the assets of the debtor. The liquidation analysis by CPA Luis R. Carrasquillo updates the basis and assumptions regarding the value of debtor's assets. The same is sound and is not contradicted by any report. The liquidation analysis is based on the debtor's own records, statements, and financial date. In fact, the debtor had originally relied on the same for its own liquidation analysis, despite later conditioning such reliance to the immediate need to file a disclosure statement and plan. Miramar's motion to submit ballots (dkt. #216) shows that at least one class of creditors has accepted Miramar's proposed plan. The court agrees with the designation of ballots submitted by Miramar. Moreover, one of Debtor's main creditors, Banco Popular de Puerto Rico ("BPPR") stated at the hearing held on February 12, 2021 that Miramar's plan is feasible and confirmable (See dkt. #266, page 7). The other two main creditors are Porfirio Díaz & Heirs and the Puerto Rico Electric Power Authority, and both have accepted the Miramar's plan.

In view of the foregoing, the court concludes that the small business chapter 11 proposed by Miramar Brewing LLC meets the requirements of section 1129(b). A separate order confirming the plan will be entered.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of July 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge